# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE MERCER AGRI-SERVICES, INC., ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MID-AMERICAN SALT, LLC, ) <br>     Defendant. ) | CAUSE NO. 1:17-CV-239-TLS-PRC |

## OPINION AND ORDER

Plaintiff Eddie Mercer Agri-Services, Inc. filed a Complaint in this Court on June 8, 2017, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). As the party seeking to invoke federal diversity jurisdiction, Plaintiff Eddie Mercer Agri-Services, Inc. bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Anything less can result in a dismissal. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). The jurisdictional allegations of the Complaint are deficient because there is insufficient information to determine the citizenship of the two members of Defendant Mid-American Salt, LLC.

Plaintiff is correct that the citizenship of a limited liability is the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The Complaint alleges that the members of Defendant Mid-American Salt, LLC are Slick Products, Inc. and Mark Thiele. However, there are insufficient allegations to determine the citizenship of each member.

First, the citizenship of member Slick Products, Inc., a corporation, is every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities). The Complaint alleges only that Slick Products, Inc. is an "Indiana Corporation." (Compl. ¶ 2). Plaintiff must advise the Court of Slick Products, Inc.'s state of incorporation and principal place of business.

Second, the citizenship of member Mark Thiele is determined by his domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). The Complaint alleges only that Mark Thiele is a "resident" of Indiana, which is insufficient. (Compl.¶ 2). Plaintiff must advise the Court of Mark Thiele's domicile.

Accordingly, the Court **ORDERS** Plaintiff Eddie Mercer Agri-Services, Inc. to **FILE** a Supplemental Jurisdictional Statement on or before **June 30, 2017**, curing these deficiencies.

SO ORDERED this 15th day of June, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT